﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 200128-67300
DATE: June 16, 2020

REMANDED

Entitlement to service connection for lung cancer due to herbicide exposure is remanded.

Entitlement to service connection for type II diabetes due to herbicide exposure is remanded.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in the United States Air Force from January 1964 to January 1968. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a February 2015 and January 2020 rating decision by the Department of Veterans Affairs (VA) Milwaukee, Wisconsin Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.),131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the decision on their claim to seek review. This decision has been written consistent with the new AMA framework. 

The Veteran submitted a claim for type II diabetes in April 2013. The RO denied the Veteran’s claim for type II diabetes in a February 2015 rating decision. The Veteran did not submit a notice of disagreement within one year from the rating decision regarding the denial of service connection for type II diabetes and the February 2015 decision became final. 

In June 2019 the Veteran submitted a new claim for lung cancer and type II diabetes. In January 2020 the Veteran timely appealed the June 2019 rating decision to the Board and requested the evidence lane. Under this election, the Board may consider evidence of record at the time of the June 2019 rating decision for the issues on appeal, evidence submitted by the Veteran when he submitted his Notice of Disagreement (NOD) in January 2020, and evidence submitted by the Veteran or his representative with 90 days following the receipt of the NOD. 38 C.F.R. § 20.303 (2019). 

In the June 2019 rating decision, the RO found that new and relevant evidence was submitted to warrant adjudicating the claim for service connection for type II diabetes. The Board is bound by this favorable finding. See AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07. 

REASONS FOR REMAND

1. Entitlement to service connection for lung cancer due to Agent Orange exposure is remanded.

2. Entitlement to service connection for type II diabetes due to Agent Orange exposure is remanded. 

The Veteran contends that his lung cancer and type II diabetes is directly related to his alleged herbicide exposure to agent orange and pink while serving on the Kadena Air Base in 1966-1977 during the 60-day period that the Veteran was stationed in Okinawa. See November 2019 Statement in Support of Claim. The Veteran states that he worked on a C-123 aircraft that was covered in Agent Orange. See September 2019 Statement in Support of Claim. 

The Veteran’s service personnel records (SPRs) shows that his military occupational specialty was an aircraft maintenance specialist, but essentially notes he worked on T-39s. See December 1967 MPR. In November 2019 the VA received a correspondence stating that the DoD has not identified any location on the island of Okinawa, to include Kadena Air Base, where Agent Orange was used, tested, stored, or transported. However, it does not appear that any additional development was conducted to verify the Veteran’s allegations of working on a C-123 aircraft. This should be done on remand.

The matters are REMANDED for the following action:

Attempt to verify the Veteran’s asserted in-service exposure to Agent Orange, dioxins, and other potential cancer-causing toxins while completing maintenance on C-123s and any other aircrafts. If more details are needed, contact the Veteran to request the information. If there is still insufficient information to verify exposure to herbicide agents, issue a Formal Finding outlining the steps taken to assist the Veteran and notify the Veteran of VA’s inability to verify the in-service herbicide agent exposure.

 

 

K. MILLIKAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B.White, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.